

# NUMBER 13-25-00533-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MICHAEL JOSEPH MORRIS,                                                                 Appellant,

v.

THE STATE OF TEXAS,                                                                       Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 2
## OF COMAL COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca**
**Memorandum Opinion by Chief Justice Tijerina**

This cause is before the Court on appellant's amended motion for extension of time to file a notice of appeal.[1] On June 12, 2025, the trial court issued a judgment of conviction in cause number 2024CR0178. On July 16, 2025, appellant filed an untimely

---

[1] This case is before the Court on transfer from the Third Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

motion for new trial. On September 23, 2025, appellant filed a notice of appeal attempting to appeal the trial court's judgment. Upon review of the notice of appeal, it indicates a motion for new trial was initially filed on July 11, 2025, and refiled on July 16, 2025. However, the clerk's record and the case summary from the trial court reflects only one motion for new trial filed on July 16, 2025. Therefore, we are of the opinion that both the motion for new trial and the notice of appeal were untimely.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Unless a motion for new trial is timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1).

Appellant's notice of appeal was untimely, and appellant's motion for extension of time to file the notice of appeal was also untimely; therefore, we lack jurisdiction over the appeal. The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect his appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d

240 (Tex. Crim. App. 1999). Accordingly, appellant's motion for extension of time to file a notice of appeal and the appeal are hereby dismissed for want of jurisdiction.

JAIME TIJERINA
Chief Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed on the
6th day of November, 2025.